


APR 1 0 2006

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER SMITH
Casa Del Sol, MJ 19 Paseo Marino
Perla Marina, Sosua, Dominican Republic

and
PARAMOUNT TRADING CO , INC
World Trade Center,
10 Route de L'Aeroport
CH 1215
Geneva, 15, Switzerland

Plaintiffs

v

SMARTVIDEO TECHNOLOGIES, INC
3505 Koger Boulevard
Suite 400
Duluth, GA 30096-7672,

Defendant

CIVIL ACTION

NO 1 06 CV 0849

JURY TRIAL DEMANDED MHS

**COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, Roger C Wilson, Esquire of Evert & Weathersby, LLC and Alan L Frank, Esquire and Joel I Fishbein of Alan L Frank Law Associates, P C bring this action for damages arising from Defendant SmartVideo Technologies, Inc 's ("SmartVideo") breach of its obligation to make the shares held by Plaintiffs freely tradeable during all of the periods that the shares issued to the officers and directors of SmartVideo were freely tradeable In support thereof, Plaintiffs aver

1 Christopher Smith is an adult individual, and a citizen of the Dominican Republic with his address at Casa Del Sol, MJ 19 Paseo Marino, Perla Marina, Sosua, Dominican Republic

2 Paramount Trading Company, Inc is a corporation organized under the laws of Nevis, with its principal place of business at World Trade Center, 10 Route de L'Aerport, CH-1215, Geneva 15, Switzerland

3 SmartVideo Technologies, Inc ("SmartVideo") is a corporation organized under the laws of the State of Delaware with its headquarters and principal place of business in Gwinnett County, Georgia at 3505 Koger Boulevard, Suite 400, Duluth, GA 30096-7672

**JURISDICTION AND VENUE**

4 This Court has Jurisdiction over this matter pursuant to 28 U S C § 1332 because there exists diversity of citizenship between all of the Plaintiffs and the Defendant in this case and each individual claim exceeds $75,000

5 Venue is proper in this District pursuant to 28 U.S C. § 1391(a)(1) because the Defendant resides in this district

6 Venue is proper in this District pursuant to 28 U S C § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district

7 Venue is proper in this Division of this District pursuant to Local Rule 3 1(B)(1)(a) because Defendant is a citizen of Gwinnett County which is located in this District

**BACKGROUND FACTS**

8 According to its press releases released to the financial press. SmartVideo is a leading provider of turnkey digital media solutions that allows for the management and distribution of live, on-demand, or the downloaded and play of high quality video to mobile electronic devices like cellphones and personal data assistants

9 Also, according to its press releases released to the financial press, SmartVideo was founded in 1999 by a small team of developers and engineers who discovered a process that allows the delivery of video communications via low-bandwidth, dial-up connections which ultimately led to mobile entertainment products which are the primary focus of SmartVideo's business today

10 SmartVideo's corporate structure has evolved since 2002 as follows

a Before November 2002, Richard Bennett, Roger Dunavant and Robert Walters operated OVT, Inc d/b/a SmartVideo

b On November 6, 2002, the Armagh Group, Inc ("the Armagh Group"), a corporation organized under the laws of the State of Delaware, announced that it had entered into negotiations to acquire OVT, Inc

c On November 19, 2002, taking advantage of the Armagh Group's Delaware registration, OVT, Inc agreed to a reverse merger into the Armagh Group

d The terms of the merger were set forth in a Stock Exchange Agreement pursuant to which Richard Bennett, Roger Dunavant and Robert Walters from OVT, Inc each received 4,000,000 shares of Armagh Group stock See Exhibit "A"

e In addition, pursuant to the Stock Exchange Agreement, Caroline Buchler (a shareholder of the Armagh Group) and Paramount Trading Company, Inc (hereinafter "Paramount Trading") (a creditor of the Armagh Group which agreed to convert the debt to shares of Armagh Group stock) received shares in the newly merged entity in the following amounts

| | |
|---|---|
| Caroline Buchler | 872,500 shares |
| Paramount Trading Co , Inc | 246,667 shares |

11 SmartVideo agreed, by a letter separate from the Stock Exchange Agreement, to maintain registration or to give transferrable demand registration rights for all of the shares issued or transferred to Ms Buchler at the time of the execution of the Stock Exchange Agreement

12 On or about August 15, 2005. Buchler transferred her shares, and all other rights associated with those shares, to Christopher Smith

13 According to SmartVideo's 2004 10KSB, Dunavant and Walters continued to hold 4,000,000 shares each as of April 22, 2005

14 According to SmartVideo's SEC filings, Dunavant sold 100,000 shares and Walters sold nearly 900,000 shares during December 2005 and January 2006

15 In accordance with the reverse merger and the Stock Exchange Agreement, Buchler and Paramount Trading were issued shares in the amounts set forth above

16 At Bennett as the President, who at times relevant hereto, was the sole director and Chief Executive Officer, and Dunavant, as the Director of Business Development and a key employee of SmartVideo and Walters, who at times relevant hereto, was Chairman of the Board

of Directors, made the decision to make their shares freely tradeable while denying Plaintiffs the opportunity to trade their shares

17 Since December 2005, the Board of Directors has been reconstituted and is now made up of Richard Bennett, Glenn Singer, Michael Criden and Justin Stanley and even these purportedly independent directors have failed to take steps to ensure that Plaintiffs' shares are tradeable despite Plaintiffs' demand for same

18 At various times, Plaintiffs have sought to trade their shares and they have learned from their brokers that the shares they hold are not freely tradeable

19 In failing to maintain the tradeability of Plaintiffs' shares, SmartVideo breached its obligations to Plaintiffs

20 During the period that Plaintiffs' shares were restricted from trading, SmartVideo stock traded at a high of $9 60 on February 24, 2004

21 As of the filing of this complaint, Plaintiffs' shares continue to be restricted from trading

22 For the shares owned by Plaintiffs, Plaintiffs suffered damage measured by the difference between the highest intermediate price of SmartVideo shares during the period their shares were restricted ($9 60) and since the restriction continues, there is no value ($-0-) to the shares under the formulation set forth by the Eleventh Circuit's decision on this narrow issue in Theratx, Inc v Duncan, 245 F 3d 1275 (11th Cir 2001) (adopting Delaware Supreme Court decision in Duncan v TheraTx, Inc , 775 A 2d 1019 (Del 2001))

23 Accordingly, the Theratx damage suffered by the Plaintiffs is $9 60 per share each of them owns, calculated as follows

**THERATX DAMAGES**

| SHAREHOLDER | SHARES | DAMAGES |
|---|---|---|
| Christopher Smith | 872,500 | 8,376,000 00 |
| Paramount Trading Co. Inc | 246,667 | 2,368,003 20 |
| **TOTALS** | 1,119,167 | $10,744,003 20 |

24 Defendant, SmartVideo failed to take steps necessary to ensure that Bennett, Dunavant and Walters return one million shares each to SmartVideo pursuant to Section 1 3 of the Stock Exchange Agreement if the entity arising out of the reverse merger failed to meet revenue targets of at least $220,000 See Exhibit "A"

25 SmartVideo's publicly available audited financial statements demonstrate beyond dispute that SmartVideo never reached this revenue target

26 After the Stock Exchange Agreement, and until September 2004, the Board of Directors of SmartVideo consisted of Richard Bennett, Robert Walters, Jr and Darren Breitkreuz In September 2004, Bennett became the sole director The currently constituted Board of Directors is made up of Richard Bennett, Glenn Singer, Michael Criden and Justin Stanley

27 Demand has been made upon the Board of SmartVideo that SmartVideo enforce this provision of the Stock Exchange Agreement by requiring Bennett, Dunavant and Walters to forfeit one million shares of SmartVideo stock each, and SmartVideo has failed to do so, despite its clear obligation

28 The issue of the forfeiture of shares by Bennett, Walters and Dunavant

was the subject of litigation captioned Rene Hamouth v Richard E Bennett, Jr , Robert J Walters, William R Dunavant and SmartVideo Technologies, Inc , United States District Court for the Northern District of Georgia, Civil Action No 1 04-CV-1921-TWT

29 Plaintiff, Rene Hamouth filed a Consent Motion to withdraw his case citing a desire to avoid the cost and time expenditures required in litigating the case, and by Order dated February 9, 2005, the Honorable Thomas W Thrash, Jr issued an Order permitting the case to be withdrawn **without prejudice**

## COUNT I
## BREACH OF THE STOCK EXCHANGE AGREEMENT

30 The preceding allegations are incorporated by reference as if they were fully set forth herein

31 One of the purposes and the clear intent of the Stock Exchange Agreement was to give Plaintiffs valuable consideration in the form of SmartVideo shares.

32 In refusing to ensure that Plaintiffs' shares are tradeable, SmartVideo has deprived Plaintiffs the value of the consideration they received pursuant to the Stock Exchange Agreement

33 SmartVideo was a party to the Stock Exchange Agreement, and SmartVideo breached its obligations to Plaintiffs by failing to ensure that the shares owned by Plaintiffs were tradeable

34 As set forth above, SmartVideo failed to take action necessary to require Bennett, Dunavant and Walters to forfeit one million shares each in accordance with Section 1 3 of the

Stock Exchange Agreement because SmartVideo failed to reach the revenue targets therein established

WHEREFORE, Plaintiffs demand judgment in their favor and against SmartVideo in an amount in excess of $75,000 for the losses they suffered as a result of SmartVideo's breach of the Stock Exchange Agreement, plus prejudgment interest, diminution of the exchange rate between the countries of Plaintiffs' origin and the United States, attorneys fees and any other relief deemed equitable and just

**COUNT II**
**DECLARATORY JUDGMENT FOR SPECIFIC PERFORMANCE**

35 The preceding allegations are incorporated by reference as if they were fully set forth herein

36 Plaintiffs seek a declaration that the Stock Exchange Agreement requires that Bennett, Dunavant and Walters forfeit one million shares each in accordance with Section 1 3 of the Stock Exchange Agreement

WHEREFORE, Plaintiffs demand judgment in their favor and against SmartVideo in the form of an injunction requiring that Bennett, Dunavant and Walters forfeit one million shares each of of SmartVideo stock

**COUNT III**
**BREACH OF FIDUCIARY DUTY**

37 The preceding allegations are incorporated by reference as if they were fully set forth herein

38 Pursuant to Georgia law, a corporation owes a fiduciary duty to ensure that one group of shareholders is not given preference over another group of similarly situated shareholders in realizing the value of shares owned in the corporation

39 Accordingly, SmartVideo owed a fiduciary duty to Plaintiffs to ensure that Bennett's, Dunavant's and Walters' shares were treated the same as Plaintiffs' shares

40 SmartVideo breached its fiduciary duty to Plaintiffs when it permitted Bennett's, Dunavant's and Walters' shares to be tradeable at times when Plaintiffs' shares were not tradeable

41 SmartVideo breached its fiduciary duty to Plaintiffs when it failed to enforce the requirement in the Stock Exchange Agreement that Bennett, Dunavant and Walters forfeit one million shares each when SmartVideo failed to reach revenue targets set forth in the Stock Exchange Agreement

WHEREFORE, Plaintiffs demand judgment in their favor and against SmartVideo in an amount in excess of $75,000 for the losses they suffered as a result of SmartVideo's breach of its fiduciary duty to them, plus prejudgment interest, damages measured by the diminution of the favorable exchange rate between the United States and the Plaintiffs' origin which increased Plaintiffs' losses occasioned by their inability to trade their shares, attorneys fees and any other relief deemed equitable and just

**EVERT & WEATHERSBY, LLC**

**ROGER C. WILSON, ESQUIRE**
3405 Piedmont Road
Suite 225
Atlanta, GA 30305
(404) 233-8718
Fax (404) 233-8933

**ALAN L. FRANK LAW ASSOCIATES, P.C.**

**ALAN L. FRANK, ESQUIRE**
**JOEL I. FISHBEIN, ESQUIRE**
8380 Old York Road
Suite 410
Elkins Park, PA 19027
(215) 935-1000
Fax (215) 935-1110
(Pro Hac Vice Petitions Pending)